# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2643 | **DATE** | 11/7/2003 |
| **CASE TITLE** | Willette Benford vs. Masching | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 1/22/2004 at 10:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We grant Benford's motion or appointment of counsel because she has sufficiently stated a claim with respect to at least one of the issues that she raised in her petition. The Court appoints an attorney from the Federal Defender Program as counsel for petitioner. We dismiss her motion to proceed in forma pauperis as moot because she has already paid the requisite filing fee.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 1 0 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 12 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11/7/2003 date mailed notice | |
| GL | courtroom deputy's initials | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLETTE BENFORD, )
)
Petitioner, )
)
v. ) No. 03 CV 2643
)
LYNN CAHILL-MASCHING, )
)
)
Respondent. )

**DOCKETED**
**NOV 1 0 2003**

## MEMORANDUM OPINION & ORDER

Presently before us is Petitioner Willette Benford's application to proceed *in forma pauperis* and motion for appointment of counsel. In our order of August 27, 2003, we refrained from ruling on Benford's application and motion. We provided Benford with additional time to file a supplemental letter with this Court that set forth a more detailed explanation of her finances and her efforts to secure counsel. Benford filed the supplemental letter on September 16, 2003. In light of the information contained in the letter, we grant Benford's motion for appointment of counsel. We dismiss Benford's motion to proceed *in forma pauperis* as moot because Benford paid the requisite filing fee on March 14, 2003.

The court may appoint counsel to a plaintiff in a habeas corpus case brought pursuant to 28 U.S.C. § 2254 upon a determination that justice so requires. 18 U.S.C. § 3006A(a)(2). There are several factors that a court may consider in determining whether appointment of counsel is necessary.

First, "a litigant must make a reasonable attempt to secure private counsel" before a court may appoint counsel on the litigant's behalf. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Benford's original motion did not contain evidence of an attempt to retain counsel. Upon the request of this court, she filed a supplemental letter listing the names and addresses of eight attorneys that she contacted. She



also provided the court with a copy of the letter that she sent to each of the attorneys. Finally, she stated that she had not yet received a response from any of the attorneys listed. In providing the list and the letter, Benford has demonstrated a reasonable attempt to secure private counsel.

Second, the court must consider whether Benford has sufficient financial resources to retain counsel. 18 U.S.C. § 1915(e)(1). Benford is currently confined at the Lincoln Correctional Facility. She has submitted a copy of her inmate trust fund showing a balance of less than $100. She is employed by the warden of the correctional facility and receives $30.00 per month salary. She also receives occasional gifts from friends and family in the amount of approximately $70 per month. She does not own any real estate or other substantial assets. These assets are not sufficient for Benford to retain private counsel.

Third, we consider the factors listed in *McKeever v. Israel* in determining whether we should appoint counsel. Those factors are: 1) whether the underlying claim has merit; 2) whether Benford is able to adequately investigate the factual issues in dispute; 3) whether the only evidence is conflicting testimony; 4) whether Benford is capable of presenting her case; and 5) whether the law to be applied is complex or unclear. *McKeever v. Israel*, 689 F.2d 1315, 1320 (7th Cir. 1982).

Out of this list of factors, the "threshold question" is whether the underlying claim has merit. *Id.* We evaluate whether the claim has merit by asking whether the claim would survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under 12(b)(6), dismissal is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Where, as here, a plaintiff is proceeding *pro se*, we have a special responsibility to construe her complaint liberally. See *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

We find that Benford's petition has merit at least with respect to her claim that she was denied due process of law because the trial court improperly considered twelve victim impact statements during her sentencing in violation of a statute that only allows consideration of one such statement. 725 ILCS 120/1 *et seq*. It is clear, as the Illinois Appellate Court recognized, that the trial court did not comply with the act's requirements. *People v. Benford*, 692 N.E.2d 1285, 1289 (Ill.App.Ct. 1998). The Illinois Appellate Court declined to grant Benford relief, however, because the act provides that "[n]othing in this Act shall create a basis for vacating a conviction or a ground for appellate relief in any criminal case." *Id. (citing* 725 ILCS 120/9). Subsequent to the Illinois Appellate Court's decision, the Illinois Supreme Court addressed the identical issue of whether violation of 725 ILCS 120/1 can constitute a basis for appellate relief. There, the court confirmed that consideration of additional victim impact statements is generally not sufficient to reverse a sentence. *People v. Richardson*, 751 N.E.2d 1104, 1106-07 (Ill. 2001). The court recognized, however, that a violation of the statute could require a new sentencing hearing where the presentation of the additional evidence is so unduly prejudicial that it renders the proceeding fundamentally unfair and thus violates the Due Process Clause of the Fourteenth Amendment. *Id.* (citing *Payne v. Tennessee*, 501 U.S. 808 (1991)). The Illinois Appellate Court never considered whether the admission of the victim impact statements constituted a violation of her due process rights. Benford therefore sufficiently alleges a claim for relief.

Admittedly, Benford did not raise the due process issue in front of the Illinois courts. Generally, this omission would constitute a failure to exhaust her remedies and we would have to deny Benford's petition. *See Picard v. Connor*, 404 U.S. 270, 278 (1971) (holding that if a habeas petitioner wishes to raise a federal claim, details regarding the substance of the federal claim must be presented to the state courts before bringing the issue to federal court). The rule of *Picard* does not apply here because, under Illinois law, Benford may not bring this claim back to state court. Under 725 ILCS 5/122-3, once

Benford filed a post-conviction petition, all claims that she failed to include in that petition were waived and thus cannot be presented in Illinois court. The claim is therefore exhausted.

Benford did commit a procedural default by failing to raise the claim in lower court. Although a procedural default usually precludes review by federal courts, the state of Illinois has waived its ability to present a procedural default argument by failing to include such an argument in its answer to Benford's petition. *See Fagan v. Washington*, 942 F.2d 1155, 1157 (7th Cir. 1991). Therefore, this court may consider Benford's due process claim.

We grant Benford's motion for appointment of counsel because she has sufficiently stated a claim with respect to at least one of the issues that she raised in her petition. We dismiss her motion to proceed *in forma pauperis* as moot because she has already paid the requisite filing fee.

MARVIN E. ASPEN
United States District Judge

Dated 11/7/03