# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2643 | **DATE** | 8/25/2004 |
| **CASE TITLE** | Willette Benford vs. Lynn Cahill-Maschino | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Benford's motion (25-1) for issuance of a certificate of appealability is denied. She may now request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | AUG 27 2004 | |
| ✓ | Notices mailed by judge's staff. | | | date docketed | |
| | Notified counsel by telephone. | | | docketing deputy initials | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | 8/25/2004 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| GL | courtroom deputy's initials | 2004 AUG 27 AM 8: 24 | Date/time received in central Clerk's Office | GL mailing deputy initials | |

DOCKETED
AUG 2 7 2004

WILLETTE BENFORD,          )
                           )
          Petitioner,      )
                           )
     v.                    )          No. 03 CV 2643
                           )
LYNN CAHILL-MASCHING,      )
                           )
          Respondent.      )

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

On October 11, 1995, after a jury trial, the Circuit Court of Cook County, Illinois entered a

conviction against Willette Benford for first-degree murder and sentenced her to fifty years

imprisonment. Following the denial of her appeal and post-conviction petition, Benford petitioned

for a writ of habeas corpus, which we denied on June 30, 2004.[1] Presently before us is Benford's

motion for a certificate of appealability ("COA"), which, for the reasons set forth below, we now

deny.

A COA is required to take an appeal to the Court of Appeals from a final order in a

proceeding under 28 U.S.C. §§ 2254 or 2255. 28 U.S.C. § 2253(c). "A certificate of appealability

may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). The Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000), elucidated two methods by which a district court is to evaluate a request for a COA. First,

when the district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessments of the constitutional

---

[1]Since the filing of this action, Alyssa B. Williams has replaced Lynn Cahill-Masching as the
Warden of the Dwight Correctional Center. Williams is the proper respondent in this action.

claims debatable or wrong." *Id.* at 484. Alternatively, "when the district court reject[s] a petitioner's claims on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484 (emphasis added).

In this case, Benford requests leave to appeal only one of the claims that she raised in her habeas petition: her assertion that her due process rights were violated by the trial court's failure to comply with the Illinois Rights of Crime Victims and Witnesses Act, 725 Ill. Comp. Stat. 120/1-9 (1994). The Act allows the prosecution to submit a *single* victim impact statement during the sentencing phase of a criminal trial. 725 Ill. Comp. Stat. 120/6(a). In murder cases, only the victim's immediate family members (parent, children, or siblings) are allowed to present such statements to the court. 725 Ill. Comp. Stat. 120/5(a). At Benford's trial, the court allowed the prosecution to submit twelve impact statements, including statements from ten parties who were not immediate family members. On appeal, the Illinois Appellate Court recognized that the trial court had indeed failed to comply with the law, but ruled that it could not grant Benford a new sentencing hearing on that basis because of a provision of the Act, which reads: "Nothing in this Act shall create a basis for vacating a conviction or a ground for appellate relief in any criminal case." 725 Ill. Comp. Stat. 120/9.

In her habeas petition, Benford argued that the state's violation of Illinois law was so egregious that it amounted to a denial of her federal due process rights. After reviewing the United States Supreme Court and Seventh Circuit's pronouncements on the subject, we found that, although the trial court certainly had erred by admitting the statements, Benford's due process rights were not

2

violated by the error. We must therefore determine whether, under the first *Slack* method evaluation, Benford has demonstrated "that reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Benford argues that she is entitled to a COA because our conclusion that she was not entitled to a new sentencing hearing was based on a "subjective" assessment of the record as applied to the law. We disagree. In our opinion, we recognized that although there is *some* authority for the proposition that the improper admission of victim impact statements can amount to a violation of the Fourteenth Amendment, *see, e.g., Payne v. Tennessee*, 501 U.S. 808, 825 (1991) (O'Connor, J., concurring); *People v. Richardson*, 715 N.E.2d 1104, 1106-07 (Ill. 2001), the bulk of case law suggested that such errors entitle a petitioner to a new sentencing hearing only in rare, particularly egregious cases. First, Benford was unable to cite to a single case in which the United States Supreme Court or a court in the Seventh Circuit actually granted a habeas petition because the trial court had violated state laws regarding the submission of victim impact statements. Second, we observed that the Seventh Circuit has set forth a stringent standard for evaluating claims of evidentiary error in state court.

In *Howard v. O'Sullivan*, for example, the Seventh Circuit stated that, "[t]o be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial." 185 F.3d 721, 723-24 (7th Cir. 1999); *see also Searcy v. Greer*, 768 F.2d 906, 910 (7th Cir. 1985) ("Unless the claimed error amounted to a fundamental defect so great that it inherently resulted in a complete miscarriage of justice, the conviction should stand.") (quoting *Cramer v. Fahner*, 683 F.2d 1376, 1385 (7th Cir. 1982)). The error committed by the trial court in Benford's case did not approach a "complete miscarriage of justice." The trial judge did consider the impact statements in his deliberations; however, the true

3

focus of his sentencing decision was the heinous nature of the crime, Benford's refusal to accept responsibility for the crime, and Benford's prior criminal record. Thus, we concluded that the trial judge most likely would have handed down the same sentence even if he had not considered the improper impact statements. In light of this finding, as well as the strict standard imposed by the Seventh Circuit for granting habeas relief in such cases, we do not believe "that reasonable jurists would find [our] assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Benford also challenged the fact that three of the improperly admitted victim impact statements made reference to her alleged participation in another, unrelated murder. Although we recognized in our opinion that this claim presented a "more complex issue," we conclude again that it is unlikely that a reasonable jurist would find our conclusion to be debatable or wrong.

In *People v. Hope*, the Illinois Supreme Court ruled that the admission of impact statements written by victims of an unrelated crime constituted a violation of fundamental fairness. 702 N.E.2d 1282, 1289 (Ill. 1998). However, we observed that to succeed on such a claim, the petitioner must demonstrate that the judge gave "explicit attention" to and "found[ed]" the sentence "at least in part" on the inaccurate information. *Id.* (*quoting Tucker v. United States*, 404 U.S. 443, 447 (1972)). During Benford's sentencing, the trial judge acknowledged that he had read all of the victim impact statements and he made reference to her officially documented criminal history, but he did not mention explicitly the other murder alluded to in the statements. Instead, he focused on the nature of the crime itself, stating that the conduct of the murder informed him as to Benford's character more than any other piece of evidence. There is no indication that the trial judge gave explicit attention to the statements concerning the second murder or that the sentence ultimately imposed was in any way founded upon those allegations. A due process claim does not lie under circumstances such as those

4

presented by Benford. *See Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003) (finding no due process clause violation where the trial judge did not reference the inaccurate information in announcing the petitioner's sentence); *see also U.S. ex rel. Welch*, 738 F.2d 863, 866 (7th Cir. 1984) (finding a due process violation only where the trial judge explicitly recognized inaccurate evidence as "significant factor" in his sentencing decision). In light of this precedent, the fact that Benford cannot establish a due process violation is not a matter that would be subject to debate.

## CONCLUSION

For the foregoing reasons, Benford's motion for issuance of a certificate of appealability is denied. She may now request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b). It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 8/25/04

5